```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO

DARRELL J. AARON-EL,       )    CASE NO. 5:05 CV 992
                           )
        Petitioner,        )    JUDGE PETER C. ECONOMUS
                           )
    v.                     )
                           )    MEMORANDUM OF OPINION
JAMES HAVILAND,            )    AND ORDER
                           )
        Respondent.        )
```

On April 18, 2005, petitioner Darrell J. Aaron-El filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. Aaron-El is incarcerated in an Ohio penal institution. The petition is actually a confused amalgamation of a number of habeas form petitions, challenging a number of convictions Aaron-El has had over the years. For the reasons stated below, this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state court remedies. 28 U.S.C. § 2254(b); Hannah v. Conley,

49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). The Court of Appeals for the Sixth Circuit has determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

This court is unable to determine from the petition forms and other documents submitted by Aaron-El whether or not his claims concerning his various convictions are facially sufficient under Rule 4 of the Rules Governing Section 2254 Cases. Further, amendment would not appear to be a feasible way to correct this problem. Accordingly, this case is dismissed without prejudice. Further, petitioner is advised that if he refiles, he should file separate cases for each conviction he seeks to challenge.

IT IS SO ORDERED.

S/Peter C. Economus - 6/1/05
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE